■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN ANDREW PASSANANTE, Appellant.— Appeal by defendant (by permission) from two orders of the Supreme Court, Queens County, dated October 21, 1971 and May 18, 1972, respectively, each of which denied a separate application in *coram nobis* to vacate a judgment of conviction rendered by said court on May 14, 1971. Orders reversed, *coram nobis* applications granted to the extent that the sentence imposed on May 14, 1971 is vacated, and the case is remanded to the Criminal Term for resentence. It is undisputed that at the time of the sentence defendant was a narcotic addict; that the Narcotic Addiction Control Commission was not then accepting criminal defendants (former Mental Hygiene Law, § 208); and that the sentencing court wanted to commit defendant to the commission's program. Under these circumstances, it seems uncontestable that if the commission facilities had been available at the time of sentence defendant would have been certified thereto. Accordingly, defendant should be resentenced (*People* v. *Goldenberg*, 40 A D 2d 613). Latham, Acting P. J., Shapiro, Gulotta, Christ and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN PULCE, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered April 23, 1970, convicting him of manslaughter in the second degree, upon a guilty plea, and sentencing him to an indeterminate prison term not to exceed 15 years. Judgment modified, in the interests of justice, by reducing the sentence to an indeterminate term not to exceed seven years. As so modified, judgment affirmed. In our opinion, the sentence imposed was excessive to the extent indicated hereinabove, in the light of all the circumstances of this case. More particularly we note from the presentence probation report that (1) the physical encounter between defendant and his common-law wife, which resulted in her being stabbed by defendant, was provoked by her attack upon defendant with a weapon (a garbage can cover), (2) the victim was a violent woman who had physically attacked defendant on prior occasions, (3) defendant's only previous conviction was on a minor disorderly conduct charge (a violation), (4) defendant has three minor children and may be of help to them if he were to be released from prison at an earlier date and (5) defendant is now 39 years of age and has been incarcerated more than four years in connection with this crime. Latham, Acting P. J., Shapiro, Gulotta, Christ and Benjamin, JJ., concur.